# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,            )
                                 )
v.                               )  Case No. CR-12-096-JHP
                                 )
SAMUEL ALLEN JACKSON,            )
                                 )
            Defendant.            )

## FINDINGS AND RECOMMENDATION

This matter comes before this Court on the Motion to Suppress, Motion to Dismiss for Lack of Jurisdiction filed by Defendant on February 8, 2013 (Docket Entry #27). By Order entered February 11, 2013, United States District Judge James H. Payne who presides over this case referred the subject Motion to a United States Magistrate Judge for entry of Findings and a Recommendation. To that end, on February 21, 2013, this Court conducted an evidentiary hearing and received documentary and testimonial evidence in support and opposition to the Motion. Appearances were entered at the hearing by Kyle Waters for the United States and Terry Weber for Defendant. Defendant was also present. Upon review of the briefs filed by the parties and consideration of the evidence presented, this Court renders these Findings and Recommendation.

Derek Brown and Rodney Derryberry of the District 16 Drug Task Force were aware of reports that Defendant Samuel Allen Jackson ("Jackson") was distributing narcotics in the Poteau, Oklahoma area. Agent Brown kept a log of areas in which Jackson had been

observed.

On August 14, 2012 at approximately 3:15 p.m., Agents Brown and Derryberry were in the area of the Choctaw Travel Plaza and casino in Poteau, Oklahoma when they observed a blue Chevrolet pickup truck. Agent Brown testified he knew this vehicle to belong to Jackson. The officers ran the tag on the truck and verified it belonged to Jackson. The officers were also aware of incidents of narcotics dealing at the casino.

The officers parked their unmarked vehicle some 14 spaces to the west of Jackson's vehicle, obtaining an unobstructed view. They observed Jackson come out of the casino after approximately 15 minutes and enter his vehicle. Although Agent Brown did not know Jackson, Agent Derryberry did recognize him from prior incidents. Jackson pulled his truck closer and to the side of the casino building. Jackson's vehicle was some 25 feet across from Brown and Derryberry's unit.

The officers observed an individual, later identified as Lewis Ping ("Ping"), come out of the casino. Ping appeared nervous to the officers. He looked around and proceeded to Jackson's vehicle. He then turned around and went back toward the casino only to turn and return to Jackson's vehicle once again. Ping was on his cell phone during his walk.

The officers then observed the driver's side window on Jackson's vehicle roll down halfway and Jackson's hand came out of

2

the open window. The officers saw Ping's and Jackson's hands touch, with Ping holding an undetermined amount of currency to Jackson only to receive something which the officers could not readily identify. Ping then immediately walked away from Jackson's vehicle. The windows in Jackson's vehicle were darkly tinted allowing the officers to see into the vehicle but not clearly.

The officers exited their vehicle and identified themselves as law enforcement. Agent Brown made contact with Ping, taking him to the ground. Ping informed Agent Brown that he swallowed a "nickel bag" of methamphetamine. The officers notified emergency medical services.

Agent Derryberry directed Jackson to exit his vehicle. When Jackson got out of his vehicle, Agent Derryberry observed several baseball or golf ball size bags of methamphetamine in the driver's side door pocket when the door was opened. The officers believed the substance in the balls to be crystal methamphetamine. Subsequent testing confirmed their belief.

Agent Brown testified that in his experience and training, Jackson and Ping acted consistently with persons conducting a drug transaction. Agent Brown also testified that the District 16 Drug Task Force agents are cross-deputized by agreement by the Choctaw Nation to conduct law enforcement activities on the tribe's lands.

Clearly, the Fourth Amendment to the United States Constitution precludes officers from conducting "unreasonable

searches and seizures." U. S. Const. Amend. IV. An investigatory detention is permitted, however, if an officer has "a reasonable suspicion to believe that criminal activity may be afoot." United States v. Simpson, 609 F.3d 1140, 1146 (10th Cir. 2008) citing United States v. Arvizu, 534 U.S. 266, 273 (2002). The government bears the burden of proving the reasonableness of the officer's actions. Id. citing United States v. Nichols, 374 F.3d 959, 965 (10th Cir. 2004). The evidence is evaluated in a light most favorable to the government. Id. citing United States v. White, 584 F.3d 935, 944 (10th Cir. 2009) cert. denied 130 S.Ct. 1721 (2010). In deciding whether the government's burden in this regard has been met, the court must "judge the officer's conduct in light of common sense and ordinary human experience." Id. citing United States v. Mendez, 118 F.3d 1426, 1413 (10th Cir. 1997).

In this case, the officers observed individuals acting suspiciously. Jackson was known to the officers as having distributed narcotics in the past. The manner in which Jackson and Ping conducted themselves both before and during the encounter with one another was consistent with a drug transaction in accordance with the officers' training and past experience. The officers' suspicion that Jackson was engaging in criminal activity was more than reasonable under the circumstances. Suppression of the evidence obtained after detaining Jackson is not warranted.

Additionally, Jackson's contention that the officers were

4

outside of their jurisdiction at the Chotaw Nation casino is without merit. Agent Brown testified as to the existence of a cross-deputization agreement permitting the District 16 Drug Task Force agents to engage in law enforcement activities on tribal land. The officers were, therefore, within their established jurisdiction when they detained Jackson.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that the Motion to Suppress, Motion to Dismiss for Lack of Jurisdiction filed by Defendant on February 8, 2013 (Docket Entry #27) be **DENIED** in its entirety.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the judgment by the District Court based on such findings.

IT IS SO ORDERED this 28th day of February, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE